Donna J. McCready
Friedman Rubin & White
1126 Highland Avenue
Bremerton, Washington 98337
Telephone: (360) 782-4300
Facsimile: (360) 782-4358

Jason E. Skala
Law Offices of Jason Skala
11517 Old Glenn Highway, Suite 202
Eagle River, Alaska 99577
Telephone: (907) 694-6633
Facsimile: (907) 694-6001

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAISY WOOD, Individually, and LESTER K. SYREN, as Personal Representative of the ESTATE OF FRANCIS BRIDGETTE ROCK, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 3:07-CV-_____ [ ] <br><br> **COMPLAINT** |

COME NOW plaintiffs Daisy Wood, individually, and Lester K. Syren, as Personal Representative of the Estate of Francis Bridgette Rock, and for their causes of action against defendant United States of America, state as follows:

COMPLAINT
*Wood, et al. v. U.S.A., Case No. 3:07-CV-_____ [ ]*
Page 1 of 9

FRIEDMAN, RUBIN & WHITE
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300

Case 3:07-cv-00029-RRB   Document 1   Filed 03/07/07   Page 1 of 9

# I. JURISDICTION

1. At all times relevant hereto, Daisy Wood was a resident of Point Hope in the District of Alaska.

2. Ms. Wood's baby, Francis Bridgette Rock, died in Kotzebue, Alaska on December 23, 2003.

3. Lester Syren has been appointed the Personal Representative of the Estate of Francis Bridgette Rock. Letters of Administration from the Superior Court, Third Judicial District at Anchorage, Alaska, Case No. 3AN-03-700 PR are attached hereto.

4. This cause of action arises under the Federal Tort Claims Act 28 U.S.C. §§ 1346, 2401, and 2671, *et seq*.

5. At all times relevant hereto, the Point Hope Clinic ("PHC") and its health care providers were acting in the scope of their agency/employment with the United States of America.

6. At all times relevant hereto, the Maniilaq Health Center ("Maniilaq") and its health care providers were acting in the scope of their agency/employment with the United States of America.

7. At all times relevant hereto, the Alaska Native Medical Center ("ANMC") and its health care providers were acting in the scope of their agency/employment with the United States of America.

COMPLAINT
*Wood, et al. v. U.S.A., Case No. 3:07-CV-_____ [ ]*
Page 2 of 9    Case 3:07-cv-00029-RRB   Document 1   Filed 03/07/07   Page 2 of 9

FRIEDMAN, RUBIN & WHITE
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300

8. More than six months ago, and within two years of the acts giving rise to the claims set forth herein, these claims were presented to the United States Department of Health and Human Services, Public Health Service. The agency has failed to make a final disposition of the claims within the six month period and therefore plaintiffs deem such failure to be a denial of their claims pursuant to 28 U.S.C. § 2675.

9. Based on paragraphs 1-8 above, this court has jurisdiction over the claims asserted herein.

## II. FACTS

10. On or about December 12, 2003, at approximately 6:00 a.m., Daisy Wood presented to the PHC complaining of "vomiting & diarrhea/abd pain." It was noted in the medical record that Ms. Wood was 23 weeks and two days pregnant.

11. Ms. Wood was assessed as having a urinary tract infection ("UTI"), dehydration and gastroenteritis, and was sent home.

12. Ms. Wood returned to the PHC at 1:50 a.m. on December 13, 2003, again complaining of vomiting and abdominal pain. Her abdomen was soft and tender at the right and left lower and upper quadrants. It was noted that "when pound on foot abd hurts."

13. At 4:20 a.m. on December 13, 2003, Ms. Wood was sent home although she was still tender in the right upper and lower quadrants of her abdomen.

14. Ms. Wood presented to the clinic later on December 13, 2003, with a temperature of 100.2 degrees and with her blood pressure at 170/34.

15. Ms. Wood was assessed as having "UTI" and "abdominal pain."

COMPLAINT
Wood, et al. v. U.S.A., Case No. 3:07-CV-_____ [    ]
Page 3 of 9

FRIEDMAN, RUBIN & WHITE
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300

Case 3:07-cv-00029-RRB   Document 1   Filed 03/07/07   Page 3 of 9

16. Ms. Wood was authorized to fly to Kotzebue to be seen at Maniilaq on Bering Air at that time. A medivac was not activated.

17. Ms. Wood was evaluated at Maniilaq in Kotzebue at around 4:45 p.m., and an ultrasound was ordered, the findings of which were consistent with appendicitis.

18. A medivac was activated at 7:30 p.m. on December 13, and Ms. Wood arrived at the ANMC emergency department at approximately 11:30 p.m. She was operated on around 2:35 a.m. on December 14th.

19. Dr. Frank Sacco performed a laparoscopic appendectomy on Ms. Wood on December 14, 2003, and the post-operative diagnosis was "acute suppurative appendicitis."

20. Dr. Sacco noted in his operative report that the "appendix … adhesed to the right fallopian tube and ovary. It was carefully dissected off. It was suppurative but not grossly perforated…. The appendix was drawn with the bag through the umbilical port. At this part, the stump was inspected. It appeared to be normal, as did the ovary and tubes, which had slight inflammation."

21. No antibiotics of any sort were given to Ms. Wood preoperatively or during the appendectomy.

22. Ms. Wood was discharged the next morning, on December 15, 2003, to her home in Point Hope.

23. The pathology report noted that the "appendix is a large distorted vermiform appendix with a purulent exudate on its serosal surface." On microscopic examination the "appendix shows a transmural acute suppurative inflammation which is also present in the lumen and in the serosal inflammatory exudate."

COMPLAINT
*Wood, et al. v. U.S.A.*, Case No. 3:07-CV-_____ [ ]
Page 4 of 9

FRIEDMAN, RUBIN & WHITE
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300

Case 3:07-cv-00029-RRB   Document 1   Filed 03/07/07   Page 4 of 9

24. Ms. Wood was not placed on any antibiotics post-operatively.

25. On December 23, 2003, Ms. Wood presented at the PHC at 9:10 a.m. with headache and pain on her hip bone toward belly button. She had shortness of breath at home before she arrived at clinic.

26. The PHC noted she had a "delayed appendectomy" on December 14, 2003, and that she had been seen at the "PHO clinic" on December 13, 2003 for "UTI." The health aide noted that the abdomen was "wnl but very hot to touch throbbing no rebound just tender on deep palpation – diffuse."

27. Ms. Wood was shaking and her temperature was 100.4 degrees.

28. Ms. Wood was assessed as having "diffuse abdominal pain post op appy w/delayed surgery; 2) 2nd trimester pregnancy and 3) UTI." She was sent home with Tylenol # 3 and told to follow up the next morning but sooner if she got worse.

29. Ms. Wood returned at 3:50 p.m. in distress and with increasing pain.

30. Ms. Wood was authorized to go to Kotzebue to be seen at the emergency room. No medivac was activated.

31. Ms. Wood arrived at Maniilaq in Kotzebue at around 5:20 p.m. with severe abdominal pain, fever and vomiting. She was screaming in pain.

32. Ms. Wood felt pushing and at around 5:30 p.m. her baby started to be delivered.

33. The baby was delivered in the emergency room and lived for just over four hours.

34. The baby's overall status continued to decline after her birth, and eventually, all medical equipment was removed from Francis Bridgette Rock and the baby was given to Ms. Wood to hold as she died.

COMPLAINT
Wood, et al. v. U.S.A., Case No. 3:07-CV-_____ [ ]
Page 5 of 9

FRIEDMAN, RUBIN & WHITE
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300

Case 3:07-cv-00029-RRB   Document 1   Filed 03/07/07   Page 5 of 9

35. Francis Bridgette Rock was at least 24 weeks old when she died of septic shock secondary to chorioamnionitis.

### III. CAUSES OF ACTION

**A.      Maniilaq Health Center -Negligence**

36. Plaintiffs incorporate the allegations set forth in Paragraphs 1-35.

37. The employees/agents of Maniilaq, including doctors and health aides employed in Kotzebue and Point Hope, were negligent in their evaluation, diagnosis and/or treatment of Daisy Wood in December 2003, either because they lacked the degree of knowledge or skill possessed and/or they failed to exercise the degree of care ordinarily exercised under the circumstances by health care providers in the field or specialty in which those doctors and health aides were practicing.

38. Such negligent acts include, but are not limited to, 1) failure to properly evaluate Ms. Wood when she presented to the PHC on December 12, 2003; 2) failure to timely diagnose and/or appreciate Daisy Wood's appendicitis; 3) failure to timely medivac Ms. Wood for evaluation and treatment of appendicitis; 4) failure to timely diagnose and/or appreciate the severity of Ms. Wood's illness on December 23, 2003; and 5) failure to timely medivac Ms. Wood when she first presented to the PHC post-surgery.

39. The negligent care and conduct of Maniilaq and its employees and/or agents were a direct and proximate cause of Francis Bridgette Rock's death and Daisy Wood's injuries and pain and suffering.

COMPLAINT
*Wood, et al. v. U.S.A., Case No. 3:07-CV-_____ [ ]*
Page 6 of 9

FRIEDMAN, RUBIN & WHITE
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300

Case 3:07-cv-00029-RRB   Document 1   Filed 03/07/07   Page 6 of 9

### B. ANMC - Negligence

40. Plaintiffs incorporate the allegations set forth in Paragraphs 1-39.

41. Agents and/or employees of ANMC either lacked the degree of knowledge and skill possessed by health care providers in their field or specialty or failed to exercise the degree of care ordinarily exercised under the circumstances by health care providers in their field or specialty.

42. Such negligent acts include, but are not limited to, 1) prematurely discharging Ms. Wood from the hospital post-appendectomy; 2) failing to properly monitor Ms. Wood and/or her fetus post-appendectomy; 3) failing to provide Ms. Wood with antibiotics and/or antimicrobial agents before, during and/or after the appendectomy.

43. The negligent care and conduct of ANMC and its employees and/or agents were a direct and proximate cause of Francis Bridgette Rock's death and Daisy Wood's injuries pain and suffering.

### C. Survival Action (AS 09.55.570)

44. Plaintiffs re-allege the allegations set forth in Paragraphs 1-43.

45. During the period between Francis Bridgette Rock's birth and her death, she suffered physical and emotional pain.

46. The harm to Francis Bridgette Rock was a direct and proximate result of the negligence of employees/agents of the United States acting within the scope of their employment/agency.

47. Plaintiffs bring this cause of action for all categories of loss allowed under AS 09.55.570.

COMPLAINT
Wood, et al. v. U.S.A., Case No. 3:07-CV-_____ [ ]
Page 7 of 9  Case 3:07-cv-00029-RRB   Document 1   Filed 03/07/07   Page 7 of 9

FRIEDMAN, RUBIN & WHITE
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300

**D. Wrongful Death (AS 09.55.580)**

48. Plaintiffs re-allege the allegations set forth in Paragraphs 1-47.

49. Plaintiffs bring this cause of action for all categories of economic and non-economic loss allowed under AS 09.55.580, the Alaska Wrongful Death Act.

**E. Negligent Infliction of Emotional Distress**

50. Plaintiff Wood reasserts Paragraphs 1-49 of this Complaint.

51. As a direct and proximate result of Defendant's negligence, Ms. Wood watched her baby, Francis Bridgette Rock, suffer and die.

52. Ms. Wood suffered severe emotional distress as a result of seeing her baby suffer and die.

WHEREFORE, Plaintiffs Daisy Wood and Personal Representative Lester Syren pray for relief as follows:

1. Compensation for all categories of damages allowed under AS 09.55.570 and AS 09.55.580 in the total amount stated on Plaintiffs' Standard Form 95;

2. Compensation for pain and suffering and severe emotional distress, and any other damages suffered as determined at trial; and

3. All costs and other relief that is just.

FRIEDMAN RUBIN & WHITE

DATED: _____ /s/ Donna J. McCready
1126 Highland Avenue
Bremerton, Washington 98337

COMPLAINT
Wood, et al. v. U.S.A., Case No. 3:07-CV-_____ [ ]
Page 8 of 9

FRIEDMAN, RUBIN & WHITE
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300

Case 3:07-cv-00029-RRB   Document 1   Filed 03/07/07   Page 8 of 9

Telephone: (360) 782-4300
Facsimile: (360) 782-4358
E-mail: dmccready@frwlaw.us
Alaska Bar No. 9101003

LAW OFFICES OF JASON SKALA

DATED: _____    /s/   Jason E. Skala
11517 Old Glenn Highway, Suite 202
Eagle River, Alaska 99577
Telephone: (907) 694-6633
Facsimile: (907) 694-6001
E-mail: _____
Alaska Bar No. 0105031

Attorneys for Plaintiffs

W:\Wood v USA\PLED\Complaint (070305).doc

COMPLAINT
*Wood, et al. v. U.S.A., Case No. 3:07-CV-_____ [   ]*
Page 9 of 9    Case 3:07-cv-00029-RRB   Document 1   Filed 03/07/07   Page 9 of 9

**FRIEDMAN, RUBIN & WHITE**
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300